IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILDRICK WILLIAMS, DAMIEN | § | |
| DELOACH, DEVIN JERMAINE GAUT, | § | |
| KELVIN DION KING and THEODORE | § | |
| HINSON, On Behalf of Themselves and All | § | |
| Others Similarly Situated, | § | |
| | § | Civil Action No. 2:15-cv-199 |
| Plaintiffs, | § | |
| | § | Jury Trial Demanded |
| V. | § | |
| | § | Class Action |
| Go Frac, LLC | § | |
| | § | |
| Defendant. | | |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, WILDRICK WILLIAMS ("Williams"), DAMIEN DeLOACH ("DeLoach"), DEVIN JERMAINE GAUT ("Gaut"),  KELVIN DION KING ("King") and THEODORE HINSON ("Hinson") (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated affected employees, file this Complaint against GO FRAC, LLC ("Go Frac" or "Defendant"), showing in support as follows:

### I.      NATURE OF THE CASE

1.      Plaintiffs file this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

2.      This is a civil action brought by Plaintiffs pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiffs and similarly situated individuals (the "Class Members") in connection with recent Mass Layoffs and/or Plant Closings at Defendant's Marshall, Texas, Weatherford, Texas and Cambridge, Ohio sites of

employment/operational units within that single site of employment at/from/through which Plaintiff and the Class Members were employed during the relevant time period.

3.     Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiffs and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Wildrick Williams

4.     Williams is a natural person who resides in Gregg County, Texas. He has standing to file this lawsuit.

5.     Williams was employed by Defendant where he worked in connection with Defendant's fracking operations, including significant work for Defendant in and around Marshall, Texas.

6.     Williams' employment with Defendant was verbally terminated without any advance written warning on or about February 3, 2015 ("Williams' Employment Loss"). At all times relevant, Williams was an employee of Defendant.

### B.     Plaintiff Damien DeLoach

7.     DeLoach is a natural person who resides in Gregg County, Texas. He has standing to file this lawsuit.

8.     DeLoach was employed by Defendant where he worked in connection with Defendant's fracking operations, including significant work for Defendant in and around Marshall, Texas.

9.      DeLoach's employment with Defendant was verbally terminated without any advance written warning on or about January 23, 2015 ("DeLoach's Employment Loss"). At all times relevant, Williams was an employee of Defendant.

**C.      Plaintiff Devin Jermaine Gaut**

10.      Gaut is a natural person who resides in Tarrant County, Texas. He has standing to file this lawsuit.

11.      Gaut was employed by Defendant where he worked in connection with Defendant's fracking operations, including significant work for Defendant in and around Weatherford, Texas.

12.      Gaut's employment with Defendant was verbally terminated without any advance written warning on or about January 27, 2015 ("Gaut's Employment Loss"). At all times relevant, Williams was an employee of Defendant.

**D.      Plaintiff Kelvin Dion King**

13.      King is a natural person who resides in Grayson, County, Texas. He has standing to file this lawsuit.

14.      King was employed by Defendant where he worked in connection with Defendant's fracking operations, including significant work for Defendant in and around Weatherford, Texas.

15.      King's employment with Defendant was verbally terminated without any advance written warning on or about February 4, 2015 ("Gaut's Employment Loss"). At all times relevant, Williams was an employee of Defendant.

**E.      Plaintiff Theodore Hinson**

16.     Hinson is a natural person who resides in Guernsey County, Ohio. He has standing to file this lawsuit.

17.     Hinson was employed by Defendant where he worked in connection with Defendant's Utica Shale fracking operations, including significant work for Defendant in and around Cambridge, Ohio.

18.     Hinson's employment with Defendant was verbally terminated without any advance written warning on or about January 12, 2015 ("Hinson's Employment Loss"). At all times relevant, Plaintiff was an employee of Defendant.

**F.     Class Members**

19.     There are three distinct classes/sub-classes in this lawsuit – the Marshall Class Members who are/were employees of Defendant at Defendant's single site of employment at Marshall, Texas, the Weatherford Class Members who are/were employees of Defendant at Defendant's Weatherford, Texas single site of employment, and the Cambridge Class Members who are/were employees of Defendant at Defendant's single site of employment at Cambridge, Ohio. Collectively, the Marshall Class Members and the Weatherford Class Members are referred to as the "Class Members."

**1.     Marshall Class Members**

20.     The Marshall Class Members are affected employees who are similarly situated to Williams and DeLoach, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendant's Mass Layoff at Defendant's Marshall, Texas single site of employment in the 30 day or 90 day period from Williams' and DeLoach's Employment Loss.

21.     Alternatively, the Marshall Class Members are affected employees who are similarly situated to Williams and DeLoach, and who were or may reasonably be expected to

*Plaintiffs' Original Class Action Complaint*                                    4

experience an employment loss due to termination of employment as a consequence of Defendant's Plant Closing at Defendant's Marshall, Texas site of employment/operational units at/within that single site of employment made the subject matter of this lawsuit in the 30 day or 90 day period from Williams' and DeLoach's Employment Loss.

22.     Alternatively, should discovery reveal that there is more than one single site of employment for Williams, DeLoach and the Class Members, then Williams and/or DeLoach reserve the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

### 2.     **Weatherford Class Members**

23.     The Weatherford Class Members are affected employees who are similarly situated to Gaut and King, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendant's Mass Layoff at Defendant's Weatherford, Texas site of employment in the 30 day or 90 day period from Gaut's and King's Employment Loss.

24.     Alternatively, the Weatherford Class Members are affected employees who are similarly situated to Gaut and King and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendant's Plant Closing at Defendant's Weatherford, Texas site of employment/operational units at/within that single site of employment made the subject matter of this lawsuit in the 30 day or 90 day period from Gaut's and King's Employment Loss.

25.     Alternatively, should discovery reveal that there is more than one single site of employment for Gaut, King and the Class Members, then Gaut and/or King reserve the right to

modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

### 3.      **Cambridge Class Members**

26.      The Cambridge Class Members are affected employees who are similarly situated to Hinson, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendant's Mass Layoff at Defendant's Cambridge, Ohio site of employment in the 30 day or 90 day period from Hinson's Employment Loss.

27.      Alternatively, the Class Members are affected employees who are similarly situated to Hinson, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Plant Closing at Defendant's Cambridge, Ohio site of employment/operational units at/within that single site of employment made the subject matter of this lawsuit in the 30 day or 90 day period from Hinson's Employment Loss.

28.      Alternatively, should discovery reveal that there is more than one single site of employment for Hinson and the Class Members, then Hinson reserves the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

### G.      **Defendant Go Frac, LLC**

29.      On information and belief, Defendant is a foreign limited liability company incorporated under the laws of the State of Delaware.

30.      During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

31.    On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 801 Cherry Street, Suite 1200, Fort Worth, Texas 76102.

32.    Defendant maintains multiple district offices in Texas from which oilfield workers and equipment are based and dispatched to work on oil and/or gas drilling operations, including district offices in Marshall, Texas, Weatherford, Texas and Midland, Texas. Defendant also maintains a district office in Cambridge, Ohio.

33.    Defendant may be served with summons through its registered agent, National Registered Agents, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**H.    Jurisdiction and Venue**

34.    The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

35.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

36.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely 29 U.S.C. §§ 2101-2109.

37.    Venue is proper in the United States District Court for the Eastern District of Texas because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this District because, at all relevant times, Defendant transacted business in this District and continues to transact business in this District. 29 U.S.C. § 2104(a)(5). Specifically, Defendant

*Plaintiffs' Original Class Action Complaint*                                                                              7

has a district office located at 6365 South Highway 59, Marshall, Texas 75672 in addition to providing oil and/or gas fracking services in and around Harrison, County, Texas.

38.     Venue is proper in the Marshall Division of the United States District Court for the Eastern District of Texas because, as previously identified, Defendant maintains business operations within the Marshall Division and a substantial part of the events giving rise to Plaintiffs' claims occurred in the Marshall Division.

### III.     FACTUAL BACKGROUND

39.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

40.     On information and belief, and at all material times, Defendant has been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12 month period preceding the first date that WARN Act notice was required to be given.

41.     On information and belief, and immediately prior to the Mass Layoffs and/or Plant Closings that form the basis of this action, Defendant employed more than 100 employees, exclusive of part-time employees and employees who have worked less than 6 months in the 12 month preceding period, at each of the sites of employment made the subject matter of this lawsuit.

### A.     Marshall, Texas

42.     Williams and DeLoach primarily worked for Defendant as full time employees in and around Marshall, Texas as fracking field/equipment workers. Williams and DeLoach performed work for Defendant in and around Harrison County in addition to other locations.

*Plaintiffs' Original Class Action Complaint*                                                      8

43.     Although Williams and DeLoach worked on oil and/or gas well sites of Defendant's customers in various parts of Texas, including East Texas, those operations of Defendant were conducted at/from/through Defendant's Marshall, Texas site of employment at 6365 South Highway 59, Marshall, Texas 75672. Employees, trucks, trailers, products and equipment used in connection with Defendant's oil and/or gas well fracking operations in all parts of Texas, but primarily East Texas, were stationed at/operated from that single site of employment.

44.     Williams and DeLoach worked with numerous other fracking field/equipment workers who were employees of Defendant working at/from/through the Marshall, Texas site of employment. Those employees worked on oil and/or gas well sites of Defendant's customers in various parts of Texas, including East Texas. Like Williams and DeLoach, those workers were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit at the Marshall, Texas site of employment. In addition to fracking field/equipment workers at Defendant's Marshall, Texas site of employment, Defendant employed other types of workers, such as administrative assistants, dispatchers, mechanics and other support workers who, like the fracking field/equipment operators, were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit. All such employees are a part of the Marshall Class.

45.     Beginning in approximately December 2014, Defendant began terminating employees at the Marshall, Texas site of employment.

46.     On or about January 23, 2015, DeLoach was verbally informed by Defendant that his employment was being terminated.

47.     On or about February 3, 2015, Williams was verbally informed by Defendant that his employment was being terminated

48.     Around the time of their verbal terminations, Williams and DeLoach learned that numerous other similarly situated employees were terminated, before, on and after the dates of their terminations who worked at/from/through Defendant's Marshall, Texas site of employment.

49.     The exact number of terminated employees at the Marshall, Texas site of employment within a 30 day and 90 day period of Williams' and DeLoach's termination of employment is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that site of employment is information that is currently known only to Defendant.

50.     On information and belief, over 50 other similarly situated employees working at/from/through Defendant's Marshall, Texas site of employment, totaling at least 1/3 of the full time employees employed 6 or more months prior to January 23, 2015 were terminated within 30 days of DeLoach's termination.

51.     On information and belief, over 50 other similarly situated employees working at/from/through Defendant's Marshall, Texas site of employment, totaling at least 1/3 of the full time employees employed 6 or more months prior to January 23, 2015 were terminated within 90 days of DeLoach's termination, such terminations being in increments. On information and belief, all employment terminations during this 90 day look ahead and look behind time period are not the result in separate and distinct actions and are instead related to Defendant ongoing and foreseeable reduction in Defendant's fracking operations.

52.     Pleading in the alternative, and on information and belief, there was a Plant Closing of the Marshall, Texas site of employment within 30 days and/or 90 days of DeLoach's

termination in that over 100 employees were terminated/suffered an employment loss in that time period with approximately less than five employees in administrative positions remaining thereafter at that location. That employment action of Defendant resulted in an effective cessation of the fracking services performed at the Marshall, Texas site of employment.

53.     Williams, DeLoach and the Marshall Class Members were not provided with 60 days' advance written notice by Defendant of their termination of employment, Mass Layoff and/or Plant Closing.

54.     Williams, DeLoach and the Marshall Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

55.     Williams, DeLoach and the Marshall Class Members were not provided with any written notice by Defendant at the time of their termination of employment, Mass Layoff and/or Plant Closing.

56.     Williams, DeLoach and the Marshall Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their termination of employment: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

**B.     <u>Weatherford, Texas</u>**

57.     Gaut and King primarily worked for Defendant as full time employees at/through/from Defendant's Weatherford, Texas single site of employment at 350 Dennis Road, Weatherford, Texas 76087.

58.     Although Gaut and King worked on oil and/or gas well sites of Defendant's customers in various parts of Texas, including North Texas operations, those operations of Defendant were conducted at/from/through Defendant's Weatherford, Texas site of employment at 350 Dennis Road, Weatherford, Texas 76087. Employees, trucks, trailers, products and equipment used in connection with Defendant's oil and/or gas well fracking operations in all parts of Texas, and primarily North Texas, were stationed at/operated from that single site of employment.

59.     Gaut and King worked with numerous other fracking field/equipment workers who were employees of Defendant working at/from/through the Weatherford, Texas site of employment. Those employees worked on oil and/or gas well sites of Defendant's customers in various parts of Texas, including North Texas. Like Gaut and King, those workers were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit. In addition to fracking field/equipment workers at Defendant's Weatherford, Texas site of employment, Defendant employed other types of workers there, such as administrative assistants, dispatchers, mechanics and other support workers who, like the fracking field/equipment operators, were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit. All such employees are a part of the Weatherford Class.

60.     Beginning in approximately December 2014, Defendant began terminating employees at the Weatherford, Texas site of employment.

61.     On or about January 27, 2015, Gaut was verbally informed by Defendant that his employment was being terminated.

62.     On or about February 4, 2015, King was verbally informed by Defendant that his employment was being terminated.

63.     Around the time of their verbal terminations, Gaut and King learned that numerous other similarly situated employees were terminated, before, on and after the dates of their terminations who worked at/from/through Defendant's Weatherford, Texas site of employment.

64.     The exact number of terminated employees at the Weatherford, Texas site of employment within a 30 day and 90 day period of Gaut's and King's terminations of employment is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that site of employment is information that is currently known only to Defendant.

65.     On information and belief, over 50 other similarly situated employees working at/from/through Defendant's Weatherford, Texas site of employment, totaling at least 1/3 of the full time employees employed 6 or more months prior to January 27, 2015 were terminated within 30 days of Gaut's termination.

66.     On information and belief, over 50 other similarly situated employees working at/from/through Defendant's Weatherford, Texas site of employment, totaling at least 1/3 of the full time employees employed 6 or more months prior to January 23, 2015 were terminated within 90 days of Gaut's termination, such terminations being in increments. On information and belief, all employment terminations during this 90 day look ahead and look behind time period

are not the result in separate and distinct actions and are instead related to Defendant ongoing and foreseeable reduction in Defendant's fracking operations.

67.     Pleading in the alternative, and on information and belief, there was a Plant Closing of the Weatherford, Texas site of employment within 30 days and/or 90 days of Gaut's termination in that over 300 employees were terminated/suffered employment losses in that time period with only about three employees in administrative positions remaining thereafter at that location. That employment action of Defendant resulted in an effective cessation of the fracking services performed at the Weatherford, Texas site of employment.

68.     Gaut, King and the Weatherford Class Members were not provided with 60 days' advance written notice by Defendant of their terminations of employment, Mass Layoff and/or Plant Closing.

69.     Gaut, King and the Weatherford Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

70.     Gaut, King and the Weatherford Class Members were not provided with any written notice by Defendant at the time of their termination of employment, Mass Layoff and/or Plant Closing.

71.     Gaut, King and the Weatherford Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their termination of employment: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual

employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

### C.      <u>Cambridge, Ohio</u>

72.      On information and belief, Cambridge, Ohio is/was the single site of employment, as defined by the WARN Act, for employees of Defendant, such as Hinson and the Cambridge Class Members. On information and belief, management of Defendant's Utica Shale operations in addition to management and administrative support of Hinson and the Cambridge Class Members, is/was conducted at/from/through the Cambridge, Ohio single site of employment.

73.      Hinson worked with numerous other employees of Defendant. Those employees performed oilfield services operations/support of oilfield operations for Defendant. Like Hinson, those workers are/were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

74.      Hinson was verbally notified by Defendant on or about January 12, 2015 that his employment with Defendant was terminated or that he otherwise was subject to an employment loss. Hinson was not discharged for cause, did not voluntarily resign, and did not retire.

75.      On information and belief, the employment losses at the Cambridge, Ohio site of employment made the subject matter of this lawsuit occurred within a 30 day period of Hinson's Employment Loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Hinson's Employment Loss, such employment losses not being the result of separate and distinct actions and causes.

76.      On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the Cambridge, Ohio site of employment made the subject matter of this lawsuit experienced employment losses during the relevant time period. On

*Plaintiffs' Original Class Action Complaint*                                                                15

information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the Cambridge, Ohio site of employment made the subject matter of this lawsuit had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

77.     The exact number of employees who experienced an employment loss at the Cambridge, Ohio site of employment made the basis of this lawsuit within a 30 day and 90 day period of Hinson's Employment Loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that site of employment is information that is currently known only to Defendant.

78.     Hinson and the Cambridge Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

79.     Hinson and the Cambridge Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

80.     Hinson and the Cambridge Class Members were not provided with written notice, at any time prior to their termination, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

## IV.   <u>WARN ACT CLAIMS</u>

81.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

82.     At all material times, Plaintiffs and the Class Members were "full-time employees" of Defendant as that term is used in the Warn Act.

83.     At all material times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a).

84.     At material times, Defendant employed 100 or more employees, excluding part-time employees.

85.     On    information    and    belief,    Defendant's    Marshall,    Texas    site constitutes/constituted a single site of employment for Williams, DeLoach and the Marshall Class Members. 29 C.F.R. § 639.3(i).

86.     On    information    and    belief,    Defendant's    Weatherford,    Texas    site constitutes/constituted a single site of employment for Gaut, King and the Weatherford Class Members. 29 C.F.R. § 639.3(i).

87.     On    information    and    belief,    Defendant's    Cambridge,    Ohio    site constitutes/constituted a single site of employment for Hinson and the Cambridge Class Members. 29 C.F.R. § 639.3(i).

88.     Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee.

89.     Each Marshall Class Member is similarly situated to Williams and DeLoach with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

90.     Each Weatherford Class Member is similarly situated to Gaut and King with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

91.     Each Cambridge Class Member is similarly situated to Hinson with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

**A.     Marshall Mass Layoff**

92.     On information and belief, during a 30-day period from January 23, 2015, Defendant ordered/executed a "Mass Layoff" at the Marshall, Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(i).

93.     In the alternative, and on information and belief, during a 90-day period from January 23, 2015, Defendant ordered/executed a "Mass Layoff" at the Marshall, Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(ii).

94.     Williams, DeLoach and the Marshall Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

95.     Williams, DeLoach and the Marshall Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Williams, DeLoach and the Marshall Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Marshall, Texas Mass Layoff made the subject matter of this lawsuit.

**B.     Marshall Plant Closing**

96.     Pleading in the alternative, and on information and belief, with the number of employment losses at the Marshall, Texas site of employment within 30 days or 90 days of January 23, 2015, Williams, DeLoach and the Marshall Class Members experienced a "Plant Closing". 29 C.F.R. § 639.3(b) & (a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b).

97.     Williams, DeLoach and the Marshall Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Marshall, Texas Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Williams, DeLoach and the Marshall Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Marshall, Texas Plant Closing made the subject matter of this lawsuit.

**C.**     **No Written Notice of Marshall Mass Layoff and/or Plant Closing**

98.     Williams, DeLoach and the Marshall Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/employment loss, Mass Layoff and/or Plant Closing.

99.     Williams, DeLoach and the Marshall Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

100.     Williams, DeLoach and the Marshall Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following

items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

101.    On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Marshall, Texas Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

102.    On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the termination of the employment of Williams, DeLoach and the Marshall Class Members.

### D.    Weatherford Mass Layoff

103.    On information and belief, during a 30-day period from January 27, 2015, Defendant ordered/executed a "Mass Layoff" at the Weatherford, Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(i).

104.    In the alternative, and on information and belief, during a 90-day period from January 27, 2015, Defendant ordered/executed a "Mass Layoff" at the Weatherford, Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(ii).

105.    Gaut, King and the Weatherford Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

106.    Gaut, King and the Weatherford Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Gaut, King and the Weatherford Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Weatherford, Texas Mass Layoff made the subject matter of this lawsuit.

### E.    Weatherford Plant Closing

107.    Pleading in the alternative, and on information and belief, with the number of employment losses at the Weatherford, Texas site of employment within 30 days or 90 days of January 27, 2015, Gaut, King and the Weatherford Class Members experienced a "Plant Closing". 29 C.F.R. § 639.3(b) & (a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b).

108.    Gaut, King and the Weatherford Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Weatherford, Texas Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Gaut, King and the Weatherford Class Members were employees of Defendant who did not received the written notice required by 29

U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Weatherford, Texas Plant Closing made the subject matter of this lawsuit.

F.     **No Written Notice of Weatherford Mass Layoff and/or Plant Closing**

109.     Gaut, King and the Weatherford Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/employment loss, Mass Layoff and/or Plant Closing.

110.     Gaut, King and the Weatherford Class Members were not provided with any written notice by Defendant prior to their employment losss, Mass Layoff and/or Plant Closing.

111.     Gaut, King and the Weatherford Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

112.     On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Weatherford, Texas Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

113.     On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R.

§ 639.7(e) in connection with the employment loss of Gaut, King and the Weatherford Class Members.

### G.    Cambridge Mass Layoff

114.    During a 30 day or 90 day period from Hinson's Employment Loss, Defendant ordered/executed a "Mass Layoff" at the Cambridge, Ohio site of employment made the subject matter of this lawsuit. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

115.    Hinson and the Cambridge Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

116.    On information and belief, 1/3 of the employees at the Cambridge, Ohio site of employment made the subject matter of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

117.    Hinson and the Cambridge Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Hinson and the Cambridge Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Mass Layoff made the subject matter of this lawsuit.

### H.    Cambridge Plant Closing

118.    Pleading in the alternative, and on information and belief, with the number of employment losses at the Cambridge, Ohio site of employment within 30 days or 90 days of Hinson's Employment Loss, Hinson and the Cambridge Class Members experienced a "Plant

Closing." 29 C.F.R. §§639.3(b) & 639.5(a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b).

119.    Hinson and the Cambridge Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Plant Closing made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Hinson and the Cambridge Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Plant Closing made the subject matter of this lawsuit.

## I.    No Written Notice of Cambridge Mass Layoff and/or Plant Closing

120.    Hinson and the Cambridge Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming employment loss, Mass Layoff and/or Plant Closing.

121.    Hinson and the Cambridge Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

122.    Hinson and the Cambridge Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff

will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

123. On information and belief, Defendant did not notify the Ohio agencies responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Cambridge, Ohio Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

124. On information and belief, Defendant did not notify the Ohio agencies responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the employment loss of Hinson and the Cambridge Class Members.

**J.    Damages**

125. As a result of Defendant's violations of the WARN Act, Williams, DeLoach and the Marshall Class Members have suffered damages. William, DeLoach and the Marshall Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

126. As a result of Defendant's violations of the WARN Act, Gaut, King and the Weatherford Class Members have suffered damages. Gaut, King and the Weatherford Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

127. As a result of Defendant's violations of the WARN Act, Hinson and the Cambridge Class Members have suffered damages. Hinson and the Cambridge Class Members

seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## V.     CLASS ACTION ALLEGATIONS

128.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

129.     Plaintiffs brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

### A.     Marshall Class Members

130.     Williams and DeLoach bring this action on behalf of themselves and all other similarly situated employees. Williams and DeLoach seek to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Marshall, Texas site of employment for its drilling services operations who experienced an employment loss during the 30 or 90 day period from January 23, 2015 without 60 days' advance written notice required by the WARN Act." Williams and DeLoach request the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's operations.

131.     Williams, DeLoach and the Marshall Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

132.     The claims of Williams and DeLoach satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

133.    On information and belief, the Marshall Class Members are so numerous that joinder is therefore impracticable. The precise number of Marshall Class Members and their addresses are readily determinable from Defendant's records.

134.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

> a. Whether the provisions of the WARN Act apply;

> b. Whether Defendant's employees at the Marshall, Texas site of employment for Defendant's oilfield operations experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

> c. Whether Defendant failed to provide the notices required by the WARN Act;

> d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

> e. The appropriate method to calculate damages under the WARN Act.

135.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

136.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

137.   Williams and DeLoach are affected employees who experienced an  employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. They are therefore members of the class. Williams and DeLoach are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Williams and DeLoach are adequate representatives of the class and have the same interests as all of its members. Further, the claims of Williams and DeLoach are typical of the claims of all members of the class, and Williams and DeLoach will fairly and adequately protect the interests of the absent members of the class. Williams, DeLoach and their counsel do not have claims or interests that are adverse to the Marshall Class Members.

138.   Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## B.    <u>Weatherford Class Members</u>

139.   Gaut and King bring this action on behalf of themselves and all other similarly situated employees. Gaut and King seek to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Weatherford, Texas site of employment for its drilling services operations who experienced an employment loss during the 30 or 90 day period from January 27, 2015 without 60 days' advance written notice required by the WARN Act." Gaut and King request the opportunity to expand, narrow or modify the class definition

pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's operations.

140.    Gaut, King and the Weatherford Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

141.    The claims of Gaut and King satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

142.    On information and belief, the Weatherford Class Members are so numerous that joinder is therefore impracticable. The precise number of Weatherford Class Members and their addresses are readily determinable from Defendant's records.

143.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

   a. Whether the provisions of the WARN Act apply;

   b. Whether Defendant's employees at the Weatherford, Texas site of employment experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

   c. Whether Defendant failed to provide the notices required by the WARN Act;

   d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

   e. The appropriate method to calculate damages under the WARN Act.

144.     The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

145.     A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

146.     Gaut and King are affected employees who experienced an  employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice.  They are therefore members of the class. Gaut and King are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Gaut and King are adequate representatives of the class and have the same interests as all of its members. Further, the claims of Gaut and King are typical of the claims of all members of the class, and Gaut and King will fairly and adequately protect the interests of the absent members of the class. Gaut, King and their counsel do not have claims or interests that are adverse to the Weatherford Class Members.

147.     Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce

liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

### C. **Cambridge Class Members**

148.     Hinson brings this action on behalf of himself and all other similarly situated employees. Hinson seeks to represent a Class initially defined as: "All of Defendant's employees working at/from/through Defendant's Cambridge, Ohio site of employment for its drilling services operations who experienced an employment loss during the 30 or 90 day period from January 12, 2015 without 60 days' advance written notice required by the WARN Act." Hinson requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's oilfield operations.

149.     Hinson and the Cambridge Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

150.     Hinson's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

151.     On information and belief, the Cambridge Class Members are so numerous that joinder is therefore impracticable. The precise number of Cambridge Class Members and their addresses are readily determinable from Defendant's records.

152.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

a.   Whether the provisions of the WARN Act apply;

b. Whether Defendant's employees at the Cambridge, Ohio site of employment for Defendant's oilfield operations experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

c.   Whether Defendant failed to provide the notices required by the WARN Act;

d.   Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

e.  The appropriate method to calculate damages under the WARN Act.

153.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

154.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

155.    Hinson is an affected former employee of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. Hinson is, therefore, a member of the class. Hinson is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Hinson is an adequate representative of the class and has the same interests as all of

its members. Further, Hinson's claims are typical of the claims of all members of the Class, and Hinson will fairly and adequately protect the interests of the absent members of the class. Hinson and his counsel do not have claims or interests that are adverse to the Cambridge Class Members.

156.     Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   JURY DEMAND

157.         Plaintiffs demand a jury trial.

## VIII.   DAMAGES AND PRAYER

158.     Plaintiffs asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the Marshall and Weatherford Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a.     An order certifying that the action(s) may be maintained as a class action/class actions under Federal Rule of Civil Procedure 23;

   b.     Designation of Allen R. Vaught, Baron & Budd, P.C. and D. Scott Carlile and Casey Q. Carlile of the Carlile Law Firm, LLP as the representatives of the Marshall Class, the Weatherford Class and the Cambridge Class, and as Class Counsel for each;

   c.     All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

   d.     Pre-judgment and post-judgment interest;

   e.     Costs;

   f.     Reasonable attorney's/attorneys' fees; and

   g.     All other relief to which Plaintiffs and the Class Members are entitled.

Respectfully submitted,


By:  s/ Allen R. Vaught
     Allen R. Vaught
     Attorney-In-Charge
     TX Bar No. 24004966
     Baron & Budd, P.C.
     3102 Oak Lawn Avenue, Suite 1100
     Dallas, Texas  75219
     (214) 521-3605 – Telephone
     (214) 520-1181 – Facsimile
     avaught@baronbudd.com

     D. SCOTT CARLILE
     scarlile@carlilelawfirm.com
     State Bar No. 24004576
     CASEY Q. CARLILE
     ccarlile@carlilelafirm.com
     State Bar No. 24025868
     CARLILE LAW FIRM, LLP
     400 S. Alamo Blvd.
     Marshall, Texas 75670-4260
     Telephone: (903) 938-1655
     Facsimile: (903) 938-0235


     ATTORNEYS FOR PLAINTIFFS