IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Wildrick Williams, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:15-cv-00199-JRG |
| | § | |
| Go Frac, LLC | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PRELIMINARY APPROVAL TO
PROPOSED CLASS ACTION SETTLEMENT**

**I.      RECITALS**

WHEREAS, Plaintiffs Wildrick Williams, Kelvin King, and Theodore Hinson, ("Class Representatives"), on behalf of themselves and the class certified in the above-captioned case, (collectively "Plaintiffs"), and Defendant ("Defendant" or "Go Frac") have entered into a Settlement Agreement, as submitted to the Court on December 29, 2016 (Dkt. No. 37-3) (the "Settlement Agreement"), intended to resolve claims alleged by Plaintiffs that they were not properly given 60 days' advanced written notice of a qualifying Mass Layoff pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 *et seq* (the "WARN Act");

WHEREAS, the Settlement Agreement, together with its Exhibits, set forth the terms and conditions for a proposed settlement and entry of judgment in this action against the Defendant;

WHEREAS, a class has already been certified in this action pursuant to FED. R. CIV. P. 23 (Dkt. No. 30), which class is defined as:

Plaintiffs and all affected employees as defined by 29 U.S.C. § 2105(a)(5) of Go Frac who worked for Go Frac in either (a) Texas and surrounding areas or (b)

Ohio and surrounding areas, who experienced an employment loss within a 30 day period of January 12, 2015, and who have not filed a timely request to opt-out of the class;

WHEREAS, the Plaintiffs have requested that the Court enter an Order: (1) asserting jurisdiction over the claims alleged, the Parties in the litigation, and the implementation of notice of this Settlement Agreement; (2) adjudging the terms of this Settlement Agreement to be fair, reasonable, and adequate, and in the best interests of the Plaintiffs and Class Members, and directing consummation of its terms and provisions; (3) approving as to form and content the Settlement Notice and authorizing the first class mailing and email of the Settlement Notice to the Class Members; (4) setting a fifty (50) calendar day deadline for the execution and return of any requests for exclusion or objections; and (5) setting a final hearing for approval of the Settlement Agreement no sooner than ninety-three (93) days from entry of this Order preliminarily approving the Settlement Agreement;

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, Plaintiffs' Unopposed Motion, all evidence of record, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**II.     JURISDICTION, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AUTHORIZATION FOR ISSUANCE OF NOTICE**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. This Court has jurisdiction over the subject matter of this action, including the claims asserted, and has jurisdiction over the Plaintiffs, the Class Members, the Defendant, and the implementation of the Settlement Agreement.

3. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement Agreement is sufficiently within the range of reasonableness and that notice of the proposed Settlement Agreement should be given as provided in this Order.

4. The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of FED. R. CIV. P. 23 and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.* ("CAFA"), subject to final consideration thereof at the Final Approval Hearing provided for below.

5. The Court confirms all findings regarding the Class as set out in its prior order (Dkt. No. 30) and confirms Plaintiffs Wildrick Williams, Kelvin King, and Theodore Hinson as Class Representatives, Baron & Budd, P.C. as Class Counsel, and confirms that the class definition below meets the requirements of Fed. R. Civ. P. 23 (a) and (b):

> Plaintiffs and all affected employees as defined by 29 U.S.C. § 2105(a)(5) of Go Frac who worked for Go Frac in either (a) Texas and surrounding areas or (b) Ohio and surrounding areas, who experienced an employment loss within a 30

day period of January 12, 2015, and who have not filed a timely request to opt-out of the class.

6.  Any member of the Class who does not elect to be excluded from the Settlement Agreement may, but need not, enter an appearance through his or her own attorney. Class Members who do not enter an appearance through their own attorney will be represented by Class Counsel.

### III.  RELEASES AND INJUNCTIONS

7.  The Settlement Agreement does not contemplate any releases apart from the final resolution of the claims alleged in the lawsuit pursuant to the WARN Act in connection with the entry of the Agreed Judgment made an exhibit to the Settlement Agreement. (*See* Dkt. No. 37-3).

8.  However, as of the date of entry of this Order pursuant to the terms of the Settlement Agreement and 28 U.S.C. § 1651(a) Class Members are enjoined from making any attempt to participate in any action, individually or as part of any creditor group, seeking relief against Go Frac in or outside of any judicial forum, including but not limited to pursuant to any state or federal receivership action, composition arrangement, involuntary bankruptcy proceeding or other similar action. (Settlement Agreement, §5.04). This provision of the Settlement Agreement shall take effect as of the entry of this Order, as the Court finds that there is a substantial likelihood the Settlement Agreement will be finally approved, the aims of the proposed Settlement Agreement would be irreparably harmed without the injunction, the balance of harms favors entry of the injunction, and entering the injunction will serve the public interest in the speedy resolution of disputes through compromise and settlement. Class Members are further enjoined as of the entry of this Order from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on the WARN Act.

9. Notwithstanding the foregoing injunctions, in the event that a voluntary or involuntary bankruptcy proceeding involving Go Frac is commenced through no involvement of the Class Representatives, Class Counsel, or any Class Member, then Class Counsel and the Class Representatives, on behalf of themselves and the Certified Class, may participate in such proceeding(s). (Settlement Agreement, §5.04).

IV. **NOTICE TO SETTLEMENT CLASSES, PROCEDURES FOR EXCLUSION AND OBJECTION, AND SCHEDULING ORDER**

10. The Court approves as to form and content the proposed Settlement Notice, (Dkt. No. 37-3) and manner of Notice proposed by the Plaintiffs' in their unopposed motion. (Dkt. No. 37-6).

11. The Court authorizes distribution of the proposed form of the Settlement Notice, by first-class U.S. Mail and e-mail (where possible) to the Class Members adopting the following schedule and procedures:

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **January 23, 2017.** | **– Transmit Proposed Notice** |
| | Class Counsel shall mail, by first class U.S. mail, and e-mail where possible, notice of settlement to the last known address, and if available e-mail address, as provided by Defendant in connection with class certification or as identified by Class Counsel during this Lawsuit. |
| | The proposed Notice is attached to this Motion, and will inform class members about the nature of the settlement, including their individual allocation and that they should not expect a check at the termination of the lawsuit given the essential terms of the Settlement Agreement. It will also disclose the details of the requested Class Counsel Attorneys' Fees and Costs Payment. |
| | It will describe procedures for opting-out of the |

|  | lawsuit, and for objecting to the lawsuit. It will provide the date of the final fairness hearing. |
|---|---|
|  | Class Counsel will update the website maintained regarding the lawsuit to similarly reflect the preliminarily approved settlement. |
|  | Class Counsel shall certify to the Court through a filing through the CM/ECF system that they have complied with this deadline. |
| **January 23, 2017.** | **– Transmit CAFA Notice** |
|  | Counsel for Defendant shall be responsible for serving upon the appropriate State official of each State in which a class member resides and the appropriate Federal official a notice of the proposed settlement consisting of: |
|  | (1) A copy of the complaint and any materials filed with the complaint and any amended complaints; |
|  | (2) Notice of the scheduled final fairness hearing; |
|  | (3) The Court-approved Final Notice; |
|  | (4) The Settlement Agreement; and |
|  | (5) The names of the Class Members who reside in each State and the proportionate share of the claims to such members. |
|  | Counsel for Defendant shall certify to the Court through a filing through the CM/ECF system that Counsel for Defendant has complied with this deadline. |
| **March 13, 2017.** | **– Deadline for Class Members to Opt-Out of Lawsuit or File Objection** |
|  | To validly exclude himself/herself from the Class and the Settlement, the Class Member must (1) state in writing that he/she requests to be excluded from the Class and the Settlement, (2) sign the request for exclusion, and (3) mail or fax it to Class Counsel, with a postmark date/fax delivery date of no later than 53 days after the date of any Order Preliminarily |

|  | Approving a Class Action Settlement. Class Counsel will file any and all timely received objections with the Court. |
|---|---|
|  | To validly object to the Settlement, the Class Member and/or his/her attorney must mail or fax a written statement of the grounds of objection, signed by the objecting Class Member or his/her attorney, along with any supporting papers that the objecting Class Member wishes to include. Such objection and other documents shall be mailed or faxed to Class Counsel with a postmark date/fax delivery date no later than 53 days after the date of any Order Preliminarily Approving a Class Action Settlement. Class Members who fail to timely mail or fax objections in the manner specified herein shall be deemed to have waived any objections. |
| **April 3, 2017.** | **– Deadline to File Motion for Final Approval of Class Action Settlement and for Attorneys' Fees** |
| **April 24, 2017.** | **– Final Fairness Hearing** |
|  | The Parties request an expedited setting. The date of the hearing may be changed without further notice to the Class. |

## V.　FINAL APPROVAL HEARING

12.　A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on the 24th day of April, 2017, at 9:00 a.m., in Marshall, Texas, to determine (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members; and (b) whether the Agreed Judgment as provided in the Settlement Agreement should be entered granting final approval of the Settlement Agreement.

13. The date and time of the Final Approval Hearing shall be set forth in the Settlement Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court. Only Class Members who have sent to Class Counsel timely notices of objection in accordance with the terms of this Order shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing to the Settlement Agreement in accordance with the procedure set forth in the Settlement Notices and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

**So ORDERED and SIGNED this 19th day of January, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE