IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILDRICK WILLIAMS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:15-cv-00199-JRG |
| | § | |
| GO FRAC, LLC | § | |
| | § | |
| Defendant. | § | |

## ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Attorneys' Fees, Costs, and Expenses (ECF. No. 42) ("Plaintiffs' Motion"). In accordance with the Preliminary Approval Order (ECF No. 38), Class Members have been given notice of the terms of the Settlement Agreement, including its provision for attorneys' fees and costs, and have had an opportunity object to it, comment on it, participate in it, and/or exclude themselves from it. Having considered the proposed Settlement Agreement, the award of attorneys' fees and costs, and the argument at the final approval hearing held on April 24, 2017, the Court, pursuant to Fed. R. Civ. P. 23, hereby grants Plaintiffs' Motion and finally approves the Class Action Settlement Agreement contemplated therein.

## I.    FACTUAL BACKGROUND

On February 11, 2015, Plaintiffs Wildrick Williams, Damien DeLoach, Devin Jermaine Gaut, and Kelvin Dion King filed their Original Complaint, seeking damages under the WARN Act on a class action basis for failure to give advanced 60 days written notice of qualified Mass Layoffs at worksites in Texas and the surrounding areas. (ECF No. 1 - Original Complaint). Defendant filed an Answer on March 25, 2015 admitting Plaintiffs were not provided with

advance written notice of termination, but denying any liability under the WARN Act. (ECF No. 7 - Defendant's Answer to Plaintiff's Original Complaint).

On July 14, 2015 Plaintiffs filed, unopposed, their First Amended Complaint adding Theodore Hinson as a named Plaintiff and expanding the potential class members to those at worksites in Ohio and the surrounding areas. (ECF No. 15 - First Amended Complaint). Defendant filed an Answer on July 9, 2017 again admitting Plaintiffs were not provided with advance written notice of termination, but denying liability under the WARN Act.  (ECF No. 14 - Defendant's Answer to Plaintiff's First Amended Complaint).

A mediator was appointed on August 6, 2015; however, the parties did not engage in mediation. (ECF No. 21 - Order Appointing Mediator). Plaintiff moved for class certification on February 29, 2016. (ECF No. 26 - Plaintiff's Motion for Class Certification). Defendant withdrew its opposition to Plaintiff's Motion for Class Certification and the Court, upon independent review, granted class certification. (ECF No. 30 - Order Granting Class Certification). In the subsequent months, the parties negotiated a resolution to the claims. In reaching the proposed Settlement, Defendant continues to deny the allegations contained in Plaintiffs' Complaint.

Plaintiffs moved this Court for preliminary approval of the Settlement Agreement which was granted. (*See* ECF Nos. 37, 38). Plaintiffs now move for final approval of the Settlement and have submitted documents in support. No opposition was filed to Plaintiffs' Motion, and no Class Member has objected to the Settlement. Plaintiffs' Motion came on for hearing before this Court on April 24, 2017. Counsel for both parties were present.

The Court, having fully considered Plaintiffs' Motion, the brief in support, all exhibits attached thereto, the Settlement Agreement itself, and oral argument presented, the Court **HEREBY ORDERS AND MAKES DETERMINATIONS AS FOLLOWS:**

## II.        ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

1.        Terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.        The Court has jurisdiction over the subject matter of this action, including the claims asserted, the Plaintiffs, the Class Members, and the Defendant pursuant to 28 U.S.C. § 1331, including the following opt-out settlement class pursuant to Fed. R. Civ. P. 23:

> Plaintiffs and all affected employees as defined by 29 U.S.C. § 2105(a)(5) of Go Frac who worked for Go Frac in either (a) Texas and surrounding areas or (b) Ohio and surrounding areas, who experienced an employment loss within a 30 day period of January 12, 2015, and who have not filed a timely request to opt-out of the class.

3.        The Settlement Notice, as authorized by the Court's Preliminary Approval Order of January 19, 2017, adequately informed Class Members of, among other things, the terms of the Settlement Agreement and their right to object to the Settlement Agreement or exclude themselves from the Settlement Agreement and to pursue their own remedies, as well as their opportunity to appear and be heard at the Final Approval Hearing. The Court hereby finds that the Settlement Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4.        The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate with respect to Defendant, Plaintiffs, and Class Members. The Court finds that sufficient investigation, research and litigation have been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this

action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms'-length negotiations.

5.     The Court finds that Alex Elk, David Lyons, and Logan W. Justus timely filed exclusion requests and are excluded from this Order and Judgment.

6.     The Court finds that, pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), Defendant properly sent the CAFA Notice to the appropriate federal and state officials as described in the Declaration of Paul Hage attached to Plaintiffs' Motion.

## III.     PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

Class Counsel has moved for an award of attorneys' fees, costs, and expenses, notice of which was given to all Class Members pursuant to the Court's Preliminary Approval Order of January 19, 2017. The Court heard argument regarding Class Counsel's request for fees, costs and expenses at the hearing held on April 24, 2017. Class Members received notice of the setting of the Final Approval Hearing.

Based upon all papers filed with the Court, oral argument at the hearing, the Court's observation and assessment of the performance of Class Counsel throughout this litigation, the resulting settlement recovery, and other good cause shown, the Court finds that payment of attorneys' fees, costs, and expenses in the amount of $2,023,996.92 (35% of the Gross Settlement Value), for all past and remaining work until completion of the matter, in accordance with the terms of the Settlement Agreement, is fair and reasonable under the circumstances.

First, the amount of the attorneys' fee award is less than the 40% contemplated by the fee agreement signed by the named Plaintiffs in this case. Second, in light of the result obtained for the Class Members, the contingent nature of the litigation, the experience and skill of Class

Counsel, and the preclusion of other employment necessitated by the hours Class Counsel devoted to this litigation, this Court finds that an award of $2,023,996.92 is fair and reasonable.

## IV.    CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Attorneys' Fees, Costs, and Expenses. This Court enters final judgment on and hereby dismisses the Litigation on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

The Court retains jurisdiction over this Litigation and the Parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

**So ORDERED and SIGNED this 26th day of April, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE